39 F.3d 1175
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Felix A. BULSA, Jr., Plaintiff-Appellant,
v.
GEICO, Defendant-Appellee.
 No. 93-1707.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Oct. 26, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CA-91-2269-7-20)
 Felix A. Bulsa, Jr., Appellant Pro Se.
 Michael Burton T. Wilkes, James Watts Hudgens, Sr., Ward Law Firm, P.A., Spartanburg, SC, for Appellee.
 Before WIDENER and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Felix A. Bulsa, Jr., appeals from the district court's order granting the Government Employees Insurance Company's (GEICO's) motion for a directed verdict under Fed.R.Civ.P. 50.[1] Bulsa's complaint alleged that GEICO breached its implied covenant of good faith and fair dealing by failing to settle Bulsa's insurance claim under the uninsured motorist provision of his contract with GEICO, after his fifteen-year old son, Jason Bulsa, was injured in an accident.[2] Bulsa sought compensatory damages in the amount of $40,000, reflecting Jason's medical bills, and also requested punitive damages and costs. Reviewing the district court's decision de novo, Gairola v. Virginia Dep't of Gen. Servs, 753 F.2d 1281, 1285 (4th Cir.1985), we affirm.
 
 I.
 
 2
 Jason Bulsa's injuries occurred when a car belonging to Bulsa's ex-wife, Sherry Gregory, rolled over Jason in June 1988, while Gregory was exercising her visitation rights. The car was parked on an incline and suddenly rolled backward while Jason was attempting to retrieve a suitcase from the trunk. Jason was the only person near the car at the time. His injuries were severe and required extensive medical treatment. The car involved was initially reported to Gregory's insurer, Champion Insurance, as a 1977 Ford Torino. Champion denied coverage in October 1988, stating that the Ford Torino was not covered by insurance on the date of the accident. Bulsa then sought to recover these costs under the uninsured motorist provision of his insurance contract with GEICO.[3] According to testimony presented at trial, GEICO began investigating Bulsa's claim, and over the course of the next two years attempted to clarify coverage with Champion. GEICO also attempted to contact Gregory, who remained elusive for several months. To further complicate matters, the identity of the car involved in this accident was placed in dispute early on by Jason Bulsa's deposition testimony. Jason stated that his injuries were caused by a 1971 Ford LTD. Champion eventually conceded in a letter sent to GEICO in January 1991 that a 1971 Ford LTD was covered by its insurance contract with Gregory on the date of the accident. When GEICO relayed this information to Bulsa, he responded that GEICO could close its files.
 
 
 3
 After presentation of this evidence, GEICO moved for a directed verdict. The district court granted the motion, concluding that the uninsured status of the car involved in this accident, as well as Gregory's liability, had not been established. The court also noted that GEICO made substantial efforts to collect accurate information on the accident, with little help from Bulsa, undercutting Bulsa's claim that GEICO failed to act in good faith. This appeal is timely.
 
 II.
 
 4
 Pursuant to South Carolina law, an action seeking coverage under an uninsured motorist provision may only be maintained if the legal liability of the owner or operator of the uninsured vehicle is first established. S.C.Code Ann. Sec. 38-77-150 (Law. Co-op.1989). The evidence presented at trial in this case failed to show that Gregory was legally liable for the accident,[4] and revealed an even more fundamental flaw: the Ford LTD which apparently caused Jason's injuries was covered by Gregory's policy with Champion on the date of the accident.
 
 
 5
 Given the nature of the evidence, " 'there can be but one conclusion as to the verdict that reasonable jurors could have reached[.]' " Gairola, 753 F.2d at 1285 (quoting Wheatley v. Gladden, 660 F.2d 1024, 1027 (4th Cir.1981)). GEICO's conduct in failing to pay Bulsa's uninsured motorist claim could not have constituted a breach of its implied covenant of good faith and fair dealing when the facts failed to establish uninsured status and the owner or operator's legal liability.
 
 
 6
 For these reasons, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 This action was removed to federal court on the basis of diversity. 28 U.S.C. Secs. 1332, 1441(a) (1988)
 
 
 [2]
 Bulsa's complaint also stated a claim for improper claims practices under S.C.Code Ann. Sec. 38-59-20 (Law. Co-op.1989). That claim was dismissed on summary judgment due to the fact that the statute creates no private right of action. Bulsa does not challenge that ruling on appeal
 
 
 [3]
 That provision contained coverage of $15,000 per person and $30,000 per accident for damages the insured could legally recover from the owner or operator of the uninsured motor vehicle
 
 
 [4]
 Testimony provided by an automobile dealership employee indicated that the Ford LTD apparently responsible for Jason's injuries was subject to a recall notice, due to a defect in the transmission which created the risk of sudden vehicle movement from the park position